IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jerry Blocker, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  09 C 7052 |
| | ) |
| City of Chicago, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

City of Chicago ("City") has just filed (1) its Answers and Defenses to the Complaint brought against it by its employee Jerry Blocker ("Blocker") and (2) its motion to dismiss Blocker's Complaint in part, setting that motion for presentment at 9:15 a.m. January 21. This memorandum order is issued sua sponte to address some problematic aspects of City's filings.

To begin with, City's attorney is extraordinarily (and in this Court's view impermissibly) picky in Answer ¶¶ 3 and 7, asserting that the phrase "At all times herein relevant" in the corresponding paragraphs of the Complaint and the term "supervisor" in Complaint ¶ 7 are "vague and undefined." Come now -- any reasonable reader has to understand those references, and unless City's counsel were to file some legitimate partial demurrer to Blocker's allegations on or before January 22, 2010, both of those Answer paragraphs will be stricken and Blocker's corresponding Complaint allegations will be deemed fully admitted.

Next, this Court has substantial difficulty in understanding the bonafides of City's Fed.R.Civ.P. 8(b)(5) disclaimers in Answer ¶¶ 9 and 11 through 14. At least in surface terms, all of the corresponding allegations in the Complaint would appear to be confirmable through City's own employment records. If such is not the case, some explanation should be forthcoming from City's counsel within the same time frame.

As for City's affirmative defenses ("ADs"), two of them appear to be problematic. Here they are:

1. AD 1's assertion that Blocker's claims are time-barred appears to be inconsistent with City's insistence (when referring to Blocker's EEOC charge of discrimination) that Blocker is suing for unlawful retaliation. That being so, the fact that an event that gave rise to the purported retaliation occurred more than 300 days before the EEOC charge obviously does not serve as a legitimate predicate for a limitations defense.

2. AD 4 invokes "the doctrine of unclean hands" in a purely conclusory fashion, violating the principles of notice pleading that are applicable to defendants as well as plaintiffs in federal practice. Unless City's counsel fleshes out that assertion with an appropriate filing within

the same time frame as stated earlier, AD 4 will be stricken.

                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Date:    January 13, 2010