# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JERRY BLOCKER, | |
| Plaintiff, | Case No. 09-cv-7052 |
| v. | Judge Sharon Johnson Coleman |
| CITY OF CHICAGO, | Magistrate Judge Arlander Keys |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on separate motions by Plaintiff Jerry Blocker ("Plaintiff") and Defendant City of Chicago ("Defendant" or the "City") for reassignment and consolidation of a related case pursuant to Local Rule 40.4 and Federal Rule of Civil Procedure 42(a). Plaintiff and the City (collectively, the "Parties") seek an order finding the case *sub judice* is related to *Blocker v. City of Chicago*, No. 10-cv-7836, and consolidating the two actions for purposes of discovery and trial. For the reasons stated below, the Court grants the Parties' motions.

## BACKGROUND

On November 12, 2009, Plaintiff filed a complaint against the City asserting violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. (Dkt. No. 1 p. 1.) Plaintiff is an African American male who has been employed by the City for over twenty-six years. (*Id.* at ¶¶ 3, 9.) At all times relevant to Plaintiff's complaint, he worked at the Springfield Avenue Pumping station and his immediate supervisor was Harvey Hunker ("Hunker"), a white male. (*Id.* at ¶¶ 7-8.) Plaintiff alleges that in November 2005, Hunker and another white male supervisor, Russ Miller ("Miller"), encouraged a white male City employee, Jeffrey Worden ("Worden"), to file false criminal assault charges against Plaintiff. (*Id.* at ¶ 10.)

In March 2006, Plaintiff received a written reprimand as a result of the unfounded charges. (*Id.* at ¶¶ 11-12.) Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") complaining that the disciplinary action was motivated by racial discrimination. (*Id.* at ¶ 5.) Plaintiff alleges that his supervisors have since retaliated against him for filing the EEOC charge. (*Id.* at ¶¶ 12, 15.) Plaintiff received a right to sue letter from the EEOC on August 13, 2009 and the instant action was timely filed. In this action, Plaintiff seeks compensatory damages, attorney's fees and cost, and to permanently enjoin the City from engaging in discriminatory conduct. (Dkt. No. 1 pp. 3-4.)

On December 9, 2010, Plaintiff filed a second civil action in this district captioned *Blocker v. City of Chicago*, No. 10-cv-7836 ("Blocker II"), currently pending before Judge Norgle. (Dkt. No. 44 ¶ 3.) *Blocker II* also asserts Title VII violations and sets forth further allegations concerning the November 2005 incident involving Hunker, Miller, and Worden. (*Blocker II* at ¶¶ 10-15.)[1] *Blocker II* complains of another incident in July 2010, in which Hunker and another white supervisor persuaded one subordinate, William Martin, to file false battery charges against Plaintiff and then persuaded a second subordinate, Margaret Racz, to sign a statement attesting that she witnessed the alleged battery. (*Id*. at ¶¶ 22-23.) Plaintiff filed a charge with the EEOC on August 23, 2010 complaining of racial discrimination in connection with the July 2010 incident. (*Id.* at ¶ 5.) Plaintiff received a second right to sue letter from the EEOC dated September 13, 2010 and timely filed *Blocker II* on December 9, 2010. (*Id.*) Plaintiff also seeks compensatory damages, injunctive relief, and attorney's fees and costs in *Blocker II*. (*Id.* at p. 4.)

---

[1] In his motion, Plaintiff refers to the *Blocker II* complaint as Exhibit 2. (Dkt. No. 44 ¶ 3.) The document Plaintiff attached to his motion as Exhibit 2 contains only the first page of the *Blocker II* complaint. (*Id.* at Ex. 2.) For purposes of the pending motions, the Court takes judicial notice of the complete *Blocker II* complaint.

2

**LEGAL STANDARD**

The issue of whether to reassign a case under Local Rule 40.4 lies within the discretion of the district court. *Clark v. Ins. Car Rentals, Inc.*, 42 F. Supp. 2d 846, 847 (N.D. Ill. 1999). Local Rule 40.4 specifies the requirements that must be met to determine whether cases are "related" and sets forth the circumstances under which the reassignment of cases is appropriate. *See, e.g., Taylor-Holmes v. Office of the Cook County Pub. Guardian*, 503 F.3d 607, 609 (7th Cir. 2007). A party seeking reassignment must first demonstrate that the cases are related by showing that at least one of the following conditions is satisfied: 1) the cases involve the same property; 2) the cases involve some of the same issues of fact or law; 3) the cases grow out of the same transaction or occurrence; or 4) in class action suits, one or more of the classes involved in the cases is or are of the same. *River Vill. West LLC v. Peoples Gas Light & Coke Co.*, 2007 U.S. Dist. LEXIS 98507, at *2-5 (N.D. Ill. Feb. 14, 2007); L.R. 404(a).

The moving party must also demonstrate that reassignment is appropriate and that the conditions of Local Rule 40.4(b) are satisfied. A case may be reassigned only if each of the following criteria are met: 1) both cases are pending in this district; 2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; 3) the earlier case has not progressed to the point where designating a later filed case as related would likely delay the proceedings in the earlier case substantially; and 4) the cases are susceptible of disposition in a single proceeding. *River Vill. West*, 2007 U.S. Dist. LEXIS, at *3-4.

A district court can consolidate actions involving a common question of law or fact pursuant to Federal Rule of Civil Procedure 42(a). *Star Ins. Co. v. Risk Mktg. Group, Inc.*, 561 F.3d 656, 660 (7th Cir. 2009). The question of whether consolidation will be useful is a matter within the court's discretion. *See, e.g., Miller Brewing Co. v. Meal Co.*, 177 F.R.D. 642, 644

(E.D. Wis. 1998). The rule is designed to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties. 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE at § 2381. The Seventh Circuit has emphasized that related cases pending within the same court should be consolidated before a single judge to avoid wasteful overlap. *See, e.g., Blair v. Equifax Check Servs.*, 181 F.3d 832, 839 (7th Cir. 1999) ("[b]y far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidated all before a single judge.").

## DISCUSSION

The requirements of Local Rule 40.4(a) are met here because the instant action and *Blocker II* contain nearly identical questions of law and fact. Both actions stem from Plaintiff's employment with the City and the alleged discriminatory conduct Plaintiff suffered at the hands of Hunker and other white supervisors. Each action alleges Hunker and another supervisor persuaded an employee to file false criminal charges involving workplace violence against Plaintiff and that Plaintiff later suffered adverse employment actions as a result. Both complaints allege Plaintiff suffered retaliatory actions after filing an EEOC charge. The instant action complains of the November 2005 incident and the events that followed only, while *Blocker II* complains of both the November 2005 and the July 2010 incidents. This Court finds the instant action and *Blocker II* have substantial overlap and meet the requirements to be considered "related" pursuant to Local Rule 40.4(a).

The requirements for reassignment under Local Rule 40.4(b) are also met. Both cases are pending in the Northern District of Illinois. Substantial savings in judicial time and effort will be gained, and wasteful overlap will be avoided, by having one court handle both cases going

forward. While discovery has commenced in the instant action and the City has not yet filed its answer in *Blocker II*, any delay attributable to the consolidation and reassignment will be minimal since discovery is still in the early stages. Reassignment will also likely result in the disposition of both cases in a single consistent proceeding. The Court finds that reassignment of *Blocker II* to this Court's docket is appropriate.

## **CONCLUSION**

For the foregoing reasons, the Court grants Plaintiff's motion for consolidation due to relatedness and Defendant's motion for reassignment based on relatedness. *Blocker v. City of Chicago*, No. 10-cv-7832, is hereby transferred to this Court's calendar and consolidated with the instant action.

IT IS SO ORDERED.

March 16, 2011
 Dated

Hon. Sharon Johnson Coleman
United States District Court